**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  08-cv-02121-REB-KMT

RITA RAEL,

     Plaintiff,

v.

COSTILLA COUNTY BOARD OF COUNTY COMMISSIONERS,
RAMONA ARCHULETA,
EDWARD VIGIL,
JOE C. GALLEGOS, and
FRANKLIN KUHN,

     Defendants.

## ORDER RE: MOTION TO DISMISS

**Blackburn, J.**

The matter before me is the **Motion To Dismiss of Defendants Costilla County Department of Social Services, Edward Vigil, Joe Gallegos and Franklin Kuhn** [#17] filed December 9, 2008.  I grant the motion in part and deny it in part.

### I.  JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003).  I review the amended complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[1]  Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a

---

[1] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit recently clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, – F.3d – , 2009 WL 1490359 at *6 (10th Cir. May 27, 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III.  ANALYSIS

Plaintiff, a 51-year old Hispanic female, was a long-time employee of the Costilla County Department of Social Services.  In October, 2006, she filed a grievance alleging hostile work environment and harassment against her supervisor, defendant Ramona Archuleta.  The grievance was never resolved, and the relationship between plaintiff and Archuleta became progressively worse.  After plaintiff took one of her complaints directly to the county attorney, Archuleta accused plaintiff of insubordination and placed her on a five-day suspension without the benefit of a pre-disciplinary conference.

That same day, plaintiff filed harassment charges against Archuleta with the Costilla County Sheriff's office, but those charges were dropped after defendant Edward Vigil allegedly called the Sheriff's office.  Plaintiff and five other employees subsequently filed another grievance against Archuleta.  Soon thereafter, plaintiff received a letter from Archuleta placing her on paid administrative leave until further notice.  Plaintiff appealed that action to the Board of County Commissioners.  Although that appeal apparently was scheduled for a hearing, plaintiff failed to receive proper notice, a fact Vigil acknowledged in a letter rescheduling the hearing.  Ultimately, however, no hearing was ever held.

Archuleta terminated plaintiff's employment on August 21, 2007.  Plaintiff brings

claims under Title VII for sex, race, and age discrimination and retaliation and under the Fourteenth Amendment for violation of her right to procedural due process. In response to the instant motion to dismiss, plaintiff agreed to voluntarily dismiss the Costilla County Department of Social Services as a named defendant in this action, as well as her Title VII claims against the individual defendants in their individual capacities. (**See Stipulated Motion for Partial Case Dismissal** [#32], filed January 23, 2009.)[2] The only remaining issue raised by defendants' motion is whether plaintiff's due process claim[3] should be dismissed as to defendants Vigil, Joe Gallegos, and Franklin Kuhn, in their individual capacities.[4]

Vigil, Gallegos, and Khan, all Costilla County Commissioners, claim that the complaint fails to allege their personal participation in the alleged violation of plaintiff's constitutional rights. **Meade v. Grubb**, 841 F.2d 1512, 1527 (10th Cir. 1988). Defendants cannot be sued solely on the basis of *respondeat superior*. **Sorrell v. Henry**, 219 F.3d 1197, 1214 (10th Cir. 2000), **cert. denied**, 121 S.Ct. 2521 (2001). The complaint alleges not a single fact suggesting that either Gallegos or Kuhn personally

---

[2] It is not at all clear to me that plaintiff's purported Title VII claims against the individual defendants in their official capacities are not redundant, given that she also has sued the Board of County Commissioners directly. **See Quarles v. Kansas City Board of Public Utilities for the City of Kansas City, Kansas**, 2003 WL 23507011 at *3 (D. Kan. Dec. 16, 2003); **Cleland v. City of Caney**, 1997 WL 49136 at *3 (D. Kan. Jan. 24, 1997). However, since neither party has addressed the issue, I do not consider it further at this juncture.

[3] Plaintiff's fourth claim, for alleged violation of her liberty interest in her good name and reputation, is brought against Archuleta only.

[4] Although plaintiff does not specify whether these defendants are sued in their official or individual capacities, or both, because she seeks only money damages in this lawsuit, any official capacity suit against these individuals would be barred in any event. **See Stidham v. Peace Officer Standards And Training**, 265 F.3d 1144, 1156 (10th Cir. 2001) (citing **Will v. Michigan Department of State Police**, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312,105 L.Ed.2d 45 (1989)).

4

participated in the alleged failure to provide plaintiff with a hearing prior to the various disciplinary actions taken against her. Indeed, the substantive allegations of the complaint make no reference to these defendants individually at all. Plaintiff's allegation that "Defendant Commissioners" failed to afford her a hearing is insufficient to permit a conclusion that either Gallegos or Kuhn were personally involved in any act or omission that led to that circumstance. **See Robbins v. Oklahoma**, 519 F.3d 1242, 12450 (10th Cir. 2008). ("[The burden rests on the plaintiff[] to provide fair notice of the grounds for the claims made against each of the defendants. Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). For these reasons, the complaint fails to state a claim for violation of plaintiff's right to procedural due process against Gallegos and Kuhn and that claim must be dismissed as to those defendants in their individual capacities.

However, the complaint does allege that Vigil intervened improperly with the Costilla County Sheriff's office to request that the harassment charge plaintiff filed against Archuleta be dropped. Plaintiff argues that this allegation suggests that Vigil was biased and that such bias taints the impartiality of the tribunal, which is itself a violation of due process. **See McClure v. Independent School District No. 16**, 228 F.3d 1205, 1215-16 & n.8 (10th Cir. 2000).[5] The complaint alleges further that Vigil

---

[5] This allegation is not sufficient in itself to save plaintiff's due process claims against Gallegos and Kuhn because there are no facts alleged suggesting that they participated in denying plaintiff a hearing or otherwise were infected by Vigil's alleged bias. **See Hicks v. City of Watonga, Oklahoma**, 942 F.2d 737, 750 (10th Cir. 1991).

5

notified plaintiff that the hearing of her appeal of her paid administrative leave was being rescheduled, but that subsequently, no hearing on the matter was ever convened. Although these allegations are admittedly thin, given the liberal pleading standards of the Federal Rules of Civil Procedure, they sufficiently allege Vigil's personal participation in a violation of plaintiff's constitutional right to due process insofar as she was denied a pre-disciplinary hearing.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Motion To Dismiss of Defendants Costilla County Department of Social Services, Edward Vigil, Joe Gallegos and Franklin Kuhn** [#17] filed December 9, 2008, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion is **GRANTED** with respect to plaintiff's Third Cause of Action, alleging violation of her constitutional right to procedural due process, as against defendants Joe C. Gallegos and Franklin Kuhn in their individual capacities and that claim is **DISMISSED** as against those defendants; and

3. That in all other respects, the motion is **DENIED**.

Dated June 4, 2009, at Denver, Colorado.

                                      **BY THE COURT:**

                                      */s/ Robert E. Blackburn*
                                      Robert E. Blackburn
                                      United States District Judge