**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-02121-REB-KMT

RITA RAEL,

     Plaintiff,

v.

COSTILLA COUNTY BOARD OF COUNTY COMMISSIONERS,
RAMONA ARCHULETA, and
EDWARD VIGIL,

     Defendants.

## ORDER RE: MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matters before me are (1) **Defendants' Motion for Summary Judgment and Brief in Support** [#66][1] filed July 29, 2009; and (2) **Plaintiff's Cross-Motion for Summary Judgment** [#75] filed September 14, 2009. I deny defendants' motion in part as moot and deny it in part, and I deny plaintiff's cross-motion.[2]

After defendants filed their motion for summary judgment, plaintiff moved and was granted leave to voluntarily dismiss her due process and liberty interest claims. (*See* **Order Dismissing Plaintiff's Fourth Cause of Action (Liberty Interest)** [#70],

---

[1] "[#66]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The mere fact that the parties have filed cross-motions for summary judgment does not necessarily indicate that summary judgment is proper. *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000); *James Barlow Family Ltd. Partnership v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997). *See also Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

filed August 18, 2009; **Order Dismissing Plaintiff's Third Cause of Action (Due Process)** [#78], filed September 17, 2009.)  Defendants' motion as to these claims, therefore, should be denied as moot.  Moreover, because these were the only claims implicating defendants Archuleta and Vigil individually, those defendants are entitled to judgment in their favor at the time judgment enters.

In addition, the Final Pretrial Order makes clear that plaintiff has abandoned any claim based on sex discrimination or retaliation for opposing sex discrimination under Title VII.  (**See Final Pretrial Order** ¶ 3.a. at 2-7 [#85] filed October 1, 2009.) Therefore, defendants' motion will be denied as moot to the extent it seeks summary judgment as to those claims.

However, with respect to plaintiff's remaining claims for national origin and age discrimination and retaliation under Title VII, the Age Discrimination in Employment Act, and the Colorado Anti-Discrimination Act, having reviewed the arguments, authorities, and evidence presented, I perceive one or more genuine issues of material fact that are not amenable to summary resolution.  Accordingly, both defendants' and plaintiff's motions as to those claims must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion for Summary Judgment and Brief in Support** [#66] filed July 29, 2009, is **DENIED IN PART** and **DENIED AS MOOT IN PART**:

    a. That the motion is **DENIED AS MOOT** with respect to plaintiff's Title VII claims insofar as they allege discrimination and retaliation on the basis of sex, as well

as with respect to plaintiff's due process and liberty interest claims; and

   b.  That defendants' motion is **DENIED** otherwise;

 2.  That at the time judgment is entered, judgment **SHALL ENTER** on behalf of defendants, Ramona Archuleta and Edward Vigil, and against plaintiff, Rita Rael, as to all claims for relief and causes of action asserted against them;

 3.  That defendants, Ramona Archuleta and Edward Vigil, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly; and

 4.  That **Plaintiff's Cross-Motion for Summary Judgment** [#75] filed September 14, 2009, is **DENIED**.[3]

Dated November 10, 2009, at Denver, Colorado.

       **BY THE COURT:**

       */s/ Bob Blackburn*
       Robert E. Blackburn
       United States District Judge

---

[3] The issues raised by and inherent to the cross motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).